Marshall, C. J.
 

 This is an action in mandamus originally filed in this court, seeking to compel the board of elections of Lawrence county to place relator’s name iipon the judicial ballot as a candidate for common pleas judge of said county, to be voted upon at the general election held November 2, 1926. The petition was filed October 16, 1926, and alleges that the common pleas judge of Lawrence county died September 3, 1926, and that relator was appointed to fill the vacancy, and duly qualified as judge. It is further alleged that more
 
 *338
 
 than 30 days prior to the general election relator presented a nominating petition to the board of elections, which was regular in form, and contained the sufficient number of signatures, but the petition does not allege that such nominating petition was filed with the board of elections 60 days or more prior to the general election to be held November 2, 1926, for which reason it appears that the board of elections refused to place relator’s name on the ballot.
 

 Section 13, Article IV, of the Constitution of Ohio, provides that an appointment to fill a vacancy in the office of judge shall be effective until a successor is elected and qualified, and further provides that a successor shall be elected for the unexpired term at the first annual election that occurs more than 30 days after the vacancy shall have happened. Section 2, Article XVII, of the Constitution, makes practically the same provision, and makes it specifically apply to the office of common pleas judge. Section 142 of the General Code of Ohio contains provisions which are virtually identical with the constitutional provisions already referred to. Section 5004, General Code, makes specific provision for filing nominating petitions for county offices, and provides that such petitions must be filed with the board of deputy state supervisors of the county not less than 60 days previous to the date of the election.
 

 It is claimed by relator that the constitutional provisions override and control the provisions of Section 5004, General Code, and that, notwithstanding the limitations of the Code section, the nominating petitions can be filed up to within 30 days
 
 *339
 
 of the time of the general election and it becomes the duty of the board of elections to place the name npon the judicial ballot.
 

 We find no conflict between the Code and the Constitution. The General Assembly had the power to make provision for the manner of holding elections and to place a limitation upon the time of filing nominating petitions. It is, of course, the duty of the board of elections under the Constitution to make provision for holding an election, when the vacancy occurs more than 30 days before the time of the general elections. The vacancy in this instance occurred more than 60 days before the time of the general election, and the duty to elect a successor to the judge appointed by the governor became imperative. It therefore was the duty of the board of elections to print upon the ballot the names of those filing petitions more than 60 days prior to the date of election, and to provide blank spaces in which names • could be written for such other candidates as might desire to submit themselves as candidates.
 

 If relator had filed a petition 60 days before the general elections, he would clearly have been entitled to have his name printed upon the ballot. Having failed in this, he is only entitled to have a blank space upon the ballot in which his name can be written by the electors.
 

 The writ of mandamus will therefore be denied.
 

 Writ denied.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.